UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHRIS PHILLIPS (#314813)                                     CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                            NO. 07-0236-C-M2


NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, July 16, 2008.

                                        MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CHRIS PHILLIPS (#314836)**                                          **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**                                                **NO. 07-0236-C-M2**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Chris Phillips, challenges his conviction, entered in 1993 on a charge of second degree murder. He challenges the resulting life sentence, complaining that the State withheld vital impeachment evidence at trial in violation of Brady v. Maryland, 83 S.Ct. 1194, 373 U.S. 83, 10 L.Ed.2d 215 (1963).

Upon a review of the petitioner's application, it appears that he was tried by jury in 1993, and was found guilty of second degree murder, a violation of La. R.S. 14:30.1. He was thereafter sentenced to life imprisonment, without the benefit of parole, probation, or suspension of sentence.

The petitioner appealed his conviction to the Louisiana Court of Appeals for the First Circuit, asserting that the evidence was insufficient to support the verdict. On April 7, 1995, the First Circuit affirmed the conviction. See State v. Phillips, 655 So.2d 813 (La. App. 1st Cir. 1995). A subsequent application for further review before the Louisiana Supreme Court was denied on October 6, 1995. See State v. Phillips, 661 So.2d 463 (La. 1995). Allowing for a 90-day period to file

a writ of certiorari to the United States Supreme Court, which the petitioner apparently did not do, his conviction became final in January, 1996.

Approximately 6 years later, in January, 2002, the petitioner filed an application for post-conviction relief in the state district court, asserting (1) that the prosecution withheld Brady impeachment evidence prior to trial, (2) that the prosecution presented known perjury at trial, and (3) that the prosecution misrepresented facts to the jury through witnesses' testimony. In seeking to overcome the State's three-year time limitation upon the filing of post-conviction applications, the petitioner asserted that he had only recently learned of the alleged prosecutorial wrongdoing. In addressing this contention, the state court found that the petitioner's second and third claim were procedurally defaulted but allowed the Brady claim to go forward, finding that the petitioner had only recently obtained tangible possession of the alleged Brady material. Notwithstanding, after a hearing, the state district court denied the petitioner's application, and this determination was upheld in both the intermediate state appellate court and in the state supreme court, with the Louisiana Supreme Court denying review on February 2, 2007. See State ex rel Phillips v. State, 948 So.2d 193 (La. 2007). Shortly thereafter, on April 11, 2007, the petitioner filed the instant habeas corpus proceeding in this Court.

Based upon the foregoing, together with a review of the state court record, this Court concludes that the petitioner's application is untimely.

The evidence which the petitioner complains was withheld by the prosecution consists of the criminal "rap sheets" of two State witnesses, Cynthia Reynolds and Alfred Cummings, who were asserted to have been eyewitnesses to the petitioner's shooting of the victim.  The record reflects that during pre-trial discovery, the petitioner's attorney requested copies of all "exculpatory evidence" as well as any witnesses' "criminal arrest and conviction record", to which requests the State prosecutory responded that it knew of no such evidence. Notwithstanding, at trial, both witnesses testified, on questioning by the prosecution, that they had criminal records, each of them having been previously convicted of multiple offenses.  On cross-examination, the defendant's attorney then had an opportunity to question these witnesses about their respective criminal records.  The petitioner contends, however, that it was not until April 10, 2001, over 8 years after the trial, that he was able to obtain copies of the "rap sheets" showing the criminal histories of these witnesses.  It is on the basis of this latter date that the petitioner contends that his claim is not time-barred in this Court.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody.  This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, the petitioner's conviction became final on January 17, 1996. Thereafter, approximately 6 years elapsed before the petitioner commenced an application for post-conviction relief in the state district court in January, 2002. Clearly, therefore, unless the above statute operates to extend the limitations period, the petitioner's habeas application is time-barred. The petitioner, however, asserts that his application for federal habeas relief is timely, and he bases this argument on the fact that he did not obtain the factual predicate for his claims, i.e., the criminal records of the two referenced witnesses, until April 10, 2001. He asserts that he thereafter tolled the one-year limitations period by filing an application for post-conviction relief in state court on January 17, 2002, and that upon conclusion of that proceeding on February 7, 2007 -- through denial of supervisory review in the Louisiana Supreme Court -- he timely filed his habeas petition in this Court on April 11, 2007.

In the Court's view, the petitioner's contention is without merit. Specifically, the Court finds that the factual predicate underlying the petitioner's habeas corpus application became essentially available at his criminal trial when both witnesses testified regarding a prior criminal history. He provides no explanation as to why it took him eight (8) years from that time to obtain the actual physical records of the witnesses' criminal histories. Certainly, this information could have been discovered and obtained through the exercise of due diligence prior to that time. The petitioner concedes that, notwithstanding the State's

representation prior to the trial that the two eyewitnesses to the fatal shooting were not known to have had criminal records, the testimony adduced at trial clearly reflected the contrary.  Both witnesses in fact admitted to a prior criminal history, and the petitioner's counsel engaged in cross-examination of at least one of them as to such history.  Clearly, then, the petitioner possessed knowledge as early as the trial that the State's responses to discovery had been incorrect.  The Court can find no justification for the petitioner's delay of over eight (8) years in obtaining the actual tangible criminal record sheets of the referenced witnesses.  Accordingly, the Court finds that the petitioner's habeas application is time-barred.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely.

Signed in chambers in Baton Rouge, Louisiana, July 16, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**